SETTLEMENT STATEMENT DEFENDANT'S EXHIBIT 1
DATE: April 22, 1988 ___________ Reynolds
SELLERS: Mary L. Reynolds NAMES: Raymond Lewis Sherrin and Leslie Taylor Sherrin ADDRESS: P.O. Box 465 Point Clear, Al. 36564 PHONE NUMBER: _______________________________________________
 FIRST OR SECOND
PROPERTY ADDRESS: Rt 2 Box 447A Fairhope, Al. 35632
SALE PRICE $ 5214.57 APPRAISAL 75.00 TITLE OPINION ------ TITLE POLICY 107.50 RECORDING FEES 8.50 OTHER EXPENSES ------ TOTAL EXPENSES 191.00 NET PURCHASE PRICE $ 5023.57
THE UNDERSIGNED ASSIGNOR, OR ASSIGNORS, SEPARATELY, SEVERALLY AND JOINTLY, DO HEREBY WARRANT, GUARANTEE, REPRESENT AND PROMISE AS FOLLOWS:
1. THE MORTGAGE AND THE MORTGAGE DEBT ARE FREE AND CLEAR OF ANY COUNTERCLAIM, OBJECTION DEFENSE, OR IMPAIRMENT OF ANY NATURE WHATSOEVER, AND PARTICULARLY THE INDEBTEDNESS IS NOT SUBJECT TO ANY CHARGE OF USURY. THERE HAS BEEN NO SETTLEMENT PAYMENT, COMPROMISE, OR ADJUSTMENT IN RESPECT TO THE MORTGAGE OR THE MORTGAGE INDEBTEDNESS AND THERE HAS BEEN MADE NO SPECIAL PROMISE OF CONSIDERATION OF ANY NATURE TO THE MORTGAGORS HEREIN.
2. THE MORTGAGE, MORTGAGE NOTE AND ASSIGNMENT, AND EACH AND EVERY DOCUMENT, AGREEMENT OR WRITING TO THIS TRANSACTION ARE TRUE, CORRECT, ACCURATE, VALID AND CURRENT. THE CURRENT BALANCE HAS BEEN ACCURATELY STATED AS $40,430.78 AND AS SET FORTH IN THE NOTE AND MORTGAGE. THE NEXT INSTALLMENT IS DUE May 5, 1988 AND THERE IS NO DISPUTE, CHANGE OR ALTERATION FROM THE INFORMATION REFLECTED HEREIN OR THE STATUS THEREOF.
3. THE MORTGAGE, MORTGAGE NOTE AND OTHER LEGAL DOCUMENTS AND AGREEMENTS INVOLVED IN THIS TRANSACTION ARE LEGAL AND BINDING IN EVERY RESPECT, FULLY ENFORCEABLE AT LAW, THE SIGNATURES THEREON BEING GENUINE, AND THE PARTIES THERETO HAVING THE FULL LEGAL CAPACITY TO MAKE SUCH AGREEMENTS AND SUBSCRIBED THEIR SIGNATURE AND EACH AND EVERY MAKER HAS THE LEGAL CAPACITY TO BIND HIMSELF TO THE OBLIGATIONS AND PROMISES THERE IN CONTAINED.
4. IN THE EVENT THE UNDERSIGNED, SEPARATELY, SEVERALLY OR JOINTLY, BREACH THESE UNDERTAKINGS OR PROMISES IN ANY RESPECT, THEN, UPON DEMAND, UPON ANY OR ALL OF THEM, ALL OF THEM SHALL BE REQUIRED, SEPARATELY OR SEVERALLY, TO REPURCHASE THE MORTGAGE AND MORTGAGE INDEBTEDNESS.
5. THE REPURCHASE PRICE SHALL BE CALCULATED SO THAT CREDITHRIFT OF AMERICA, INC., WILL RECEIVE AN AMOUNT EQUAL TO ITS ORIGINAL INVESTMENT IN SAID ACCOUNT ADJUSTED FOR COLLECTIONS MADE WHILE HELD BY CREDITHRIFT OF AMERICA, INC., IN AN AMOUNT EQUAL TO THE RATE WHICH WAS ANTICIPATED BY THE ORIGINAL PURCHASE PRICE HAD THE ACCOUNT BEEN HELD TO MATURITY.
6. CREDITHRIFT OF AMERICA, INC. IS UNDER NO OBLIGATION TO RESALE ANY MORTGAGE OR ANY PART OF ANY MORTGAGE BACK TO THE SELLER AT ANY TIME.
GIVEN UNDER THE RESPECTIVE HANDS AND SEALS OF EACH OF THE UNDERSIGNED THIS 22 DAY OF April, 1988.
WITNESSES:
_______________________________ /s/____________________________ Mary L. Reynolds
_______________________________ _______________________________ SELLERS
STATE OF Alabama COUNTY OF Baldwin
PERSONALLY APPEARED BEFORE ME Mary L. Reynolds, WHO BEING TO ME WELL KNOWN AND KNOWN BY ME TO BE THE INDIVIDUALS DESCRIBED IN AND WHO EXECUTED THE ABOVE FOREGOING INSTRUMENT AND THEY ACKNOWLEDGED BEFORE ME THAT THEY SIGNED, SEALED AND DELIVERED THE SAME AT THE TIME AND PLACE, IN THE MANNER AND FOR THE USES AND PURPOSES AS THEREIN SET FORTH AND CONTAINED.
Dissent Exhibit A, page 1 of 5 pages *Page 695 
WITNESS MY HAND AND OFFICIAL SEAL ON THIS 22 DAY OF April, 1988.
 /s/____________________________________________________ NOTARY PUBLIC IN AND FOR THE STATE AND COUNTY AFORESAID
MY COMMISSION EXPIRES: May 14, 1990
Dissent Exhibit A, page 2 of 5 pages *Page 696 
 A PARTIAL ASSIGNMENT OF PROMISSORY NOTE AND MORTGAGE
Witness this agreement entered into on the 22 day of April, 1988 by and between Mary L. Reynolds parties of the first part, and CREDITHRIFT OF AMERICA, INC., a corporation, party of the second part as follows:
WHEREAS, party of the first part, Mary L. Reynolds, a divorced and not remarried woman, is the holder of a promissory note dated the 6 day of December, 1985, executed by Raymond Lewis Sherrin and Leslie Taylor Sherrin husband and wife, which said promissory note is secured by the mortgage of even date therewith, executed by Raymond Lewis Sherrin and Leslie Taylor Sherrin husband wife against the following property situated in the County of Baldwin, State of Alabama, and more particularly described as follows:
Lot 202, Subdivision as and called Eastern Shore Parkway #1, according to the plat thereof recorded in Map Book 1, pages 156-157 of the records in the Office of Judge of Probate, Baldwin County, Alabama;
EXEMPTING THEREFROM such oil, gas and other minerals in, on and under said real property, together with all rights in connection therewith, as have previously been reserved by or conveyed to others;
Which said mortgage is recorded in Real Property Book 234, Page 1192, et seq., in the records of the Office of the Judge of the Probate Court of Baldwin County, Alabama, which said note and mortgage originally secured the sum of Forty-one thousand and 00/100 ($41,000.00) ------- DOLLARS, plus interest at the rate of ten (10%) per annum, to be amortized according to a schedule set forth in said mortgage;
And, WHEREAS, the said party of the first part wished to make the party of the second part a Partial Assignment of the said promissory note and the mortgage securing the same;
Now therefore, for and in consideration of TEN AND NO/100 ($10.00) DOLLARS, and other good and valuable consideration, the receipt in sufficiency of which is hereby acknowledged;
And in consideration of the premises, and the mutual promises covenants and conditions hereinafter set forth, the parties hereto do hereby contract, covenant and agree as follows:
1) The said parties of the first part does hereby grant, bargain, sell, convey and assign unto CREDITHRIFT of AMERICA, INC., a corporation, party of the second part, all of their rights, title, interest, for a period of 17 months from and after date, in and to said note and mortgage hereinabove described, together with the debt secured thereby during the said 17 months; and as part and partial of the consideration of this agreement, the said party of the first part does hereby subordinate all of his interest, for a period of 17 months from and after date, to the interest held and assigned by this instrument to CREDITHRIFT OF AMERICA, INC., a corporation, party of the second, including, but not limited to the following:
a) that CREDITHRIFT OF AMERICA, INC., a corporation, shall have the prerogative, as provided by said mortgage to, upon default, exercise any and all rights of the mortgages thereunder;
b) it is further agreed and understood by and among all parties that CREDITHRIFT OF AMERICA, INC., a corporation, shall prior to the institution of any proceedings, whether judicial or nonjudicial under the said note, notify the party of the first part of the occurrence of the default in payments. Said notice shall be given two (2) weeks prior to the institution of any such proceedings.
c) that upon the issuance of any such notice as hereinabove provided, said parties of the first part Mary L. Reynolds, a divorced and not remarried woman shall have the option of tendering
Dissent Exhibit A, page 3 of 5 pages *Page 697 
unto CREDITHRIFT OF AMERICA, INC., a corporation, the total remaining balance due on said note and mortgage, In such event, the said party of the second part shall reassign all of its rights, title and interest in the note and mortgage to the party of the first part.
d) it is fully agreed and understood among all the parties that by virtue of the subordination of the right, title and interest of the parties of the first part, namely, Mary L. Reynolds, a divorced and not remarried woman to the period of interest assigned and that should the said party of the second part, CREDITHRIFT OF AMERICA, INC., a corporation, institute foreclosure proceedings on the said mortgage, that the interest of Mary L. Reynolds, a divorced and not remarried woman parties of the first part, in the remaining months of the note and mortgage will be treated as a totally subordinate mortgage, and as such, may and will be eradicated by the foreclosure proceedings of the party of the second part. It is additionally agreed and understood among all the parties and CREDITHRIFT OF AMERICA, INC., a corporation, is under no obligation to provide fire and hazard or any other insurance on said premises, and that such insurance will be maintained according to the tenor of the original mortgage by the Grantor, namely, Raymond Lewis Sherrin and Leslie Taylor Sherrin husband wife and upon destruction of said premises, that this instrument will act as an assignment of the proceeds of any insurance or other recovery by the said Mary L. Reynolds, a divorces and unremarried woman to CREDITHRIFT OF AMERICA, a corporation, for the balance of the dollar amount assigned and conveyed to CREDITHRIFT OF AMERICA, INC., a corporation, by this instrument, being calculable by the number of monthly payments as called for in the mortgage and accompanying promissory note for the said 17 month period of this assignment.
2) Party of the first part covenants, represents and warrants as to the mortgage and note sold and assigned hereunder:
a) that said mortgage is a good and valid instrument and constitutes a valid lien against the real property described therein;
b) that party of the first part is vested with a full and absolute title to said mortgage and note and has authority to assign and transfer the same, which is presently free and clear of all encumbrances.
c) There are no defaults existing at the present time under any of the covenants contained in said mortgage and note;
d) there are no defenses against said mortgage and note, and the mortgage and note were not originated in a manner which violated, or now violates any Federal, State or local laws, ordinances, regulations, or rulings included, with limitations, Federal and State truth in lending laws and any other consumer protection laws, all Federal and State equal credit opportunity laws, any applicable State usury laws.
e) There are no undisclosed agreements between any of the mortgagors and the mortgagees concerning any facts or conditions for the past, present or the future which might in any way affect the obligations of the mortgagors to make timely payments thereon.
f) The total present unpaid balance of the mortgage is Forty Thousand Four Hundred Thirty and 78/100 ($40,430.78) -------- Dollars, and the next monthly mortgage payment on the mortgage loan is the amount of Three Hundred fifty nine and 80/100 ($359.80) -------- Dollars and is due and payable on the 5 day of May, 1988.
g) Owner does not in any ordinary course of business regularly extend or arrange for extension of consumer credit.
3) CREDITHRIFT OF AMERICA, INC., a corporation, party of the second part agrees to service the mortgage and note so long as any installment due to CREDITHRIFT OF AMERICA, INC., a corporation, remains unpaid; and to exert reasonable collection efforts to insure that the mortgagors make timely payments due unto the mortgage note. Party of the first part does hereby designate party of the second part as its agent for collection of monies due to the party of the first part in connection with a full payoff of the mortgage loan and note. Should the mortgagors, or their assignees, make all payments due to party of the second part in a timely manner during the said 17 months of this assignment, at the conclusion of such 17 month period, CREDITHRIFT OF AMERICA, INC., a corporation, shall execute an absolute assignment of such mortgage and note back to the party of the first part and
Dissent Exhibit A, Page 4 of 5 pages *Page 698 
advise the mortgagors under the mortgage, or their assignees, to make the payments under the said mortgage and note due in the future to the party of the first part.
4) Party of the first part agrees to indemnify and save CREDITHRIFT OF AMERICA, a corporation, harmless from and against all loss, damage, and liability, and expense (including reasonable attorney's fees and cost of litigation) sustained or incurred by CREDITHRIFT OF AMERICA, INC., a corporation, arising out of or based upon , the inaccuracy or breach of any warranty or representation made by the party of the first part hereunder to CREDITHRIFT OF AMERICA, INC., a corporation, under this agreement.
5) Time shall always be the essence of this agreement and this agreement shall inure and be binding upon the respective heirs, representatives, administrators, successors and assigns, of the parties hereto.
WITNESS our hands and seals this 22 day of April, 1988.
 /s/_________________________________ Mary L. Reynolds
____________________________________
 CREDITHRIFT OF AMERICA, INC., a Corporation, Party of the Second Part
 By: /s/_____________________________ Its Branch Manager
STATE OF Alabama COUNTY OF Baldwin
Before me, the undersigned, a Notary Public in and for said State and County, personally appeared Mary L. Reynolds whose names are signed to the foregoing instrument and who are known to me, who after by me being first duly sworn on oath did depose and say that being informed of the contents of said conveyance, they executed the same voluntarily on the day the same bears date.
Given under my hand and notorial seal on this the 22 day of April, 1988.
 /s/_________________________________ Notary Public, State of Alabama At Large
THIS INSTRUMENT PREPARED BY: Kandi D. Mitchell Credithrift of America, Inc. Seacliff Bldg. 98 Hwy 98 P.O. Box 1183 Daphne, AL. 36526
Dissent Exhibit A, page 5 of 5 pages *Page 699 
 SETTLEMENT STATEMENT
DATE: May 15, 1991
SELLERS: Mary L. Reynolds NAMES: Raymond Lewis Sherrin and Leslie Taylor Sherrin ADDRESS: P.O. Box 465 Point Clear, Al. 36564 PHONE NUMBER: (205)928-1942
 FIRST OR SECOND
PROPERTY ADDRESS: Rt 2 Box 447 Fairhope, Al. 35632
SALE PRICE $ 16,870.55 APPRAISAL $ -0- TITLE OPINION $ -0- TITLE POLICY $ -0- RECORDING FEES $ -0- OTHER EXPENSES $ 16,370.55 American General Finance-Payoff TOTAL EXPENSES $ 16,370.55 NET PURCHASE PRICE $ 500.00
THE UNDERSIGNED ASSIGNOR, OR ASSIGNORS, SEPARATELY, SEVERALLY AND JOINTLY, DO HEREBY WARRANT, GUARANTEE, REPRESENT AND PROMISE AS FOLLOWS:
1. THE MORTGAGE AND THE MORTGAGE DEBT ARE FREE AND CLEAR OF ANY COUNTERCLAIM, OBJECTION DEFENSE, OR IMPAIRMENT OF ANY NATURE WHATSOEVER, AND PARTICULARLY THE INDEBTEDNESS IS NOT SUBJECT TO ANY CHARGE OF USURY. THERE HAS BEEN NO SETTLEMENT PAYMENT, COMPROMISE, OR ADJUSTMENT IN RESPECT TO THE MORTGAGE OR THE MORTGAGE INDEBTEDNESS AND THERE HAS BEEN MADE NO SPECIAL PROMISE OF CONSIDERATION OF ANY NATURE TO THE MORTGAGORS HEREIN.
2. THE MORTGAGE, MORTGAGE NOTE AND ASSIGNMENT, AND EACH AND EVERY DOCUMENT, AGREEMENT OR WRITING TO THIS TRANSACTION ARE TRUE, CORRECT, ACCURATE, VALID AND CURRENT. THE CURRENT BALANCE HAS BEEN ACCURATELY STATED AS $39,444.10 AND AS SET FORTH IN THE NOTE AND MORTGAGE. THE NEXT INSTALLMENT IS DUE June 5, 1991 AND THERE IS NO DISPUTE, CHANGE OR ALTERATION FROM THE INFORMATION REFLECTED HEREIN OR THE STATUS THEREOF.
3. THE MORTGAGE, MORTGAGE NOTE AND OTHER LEGAL DOCUMENTS AND AGREEMENTS INVOLVED IN THIS TRANSACTION ARE LEGAL AND BINDING IN EVERY RESPECT, FULLY ENFORCEABLE AT LAW, THE SIGNATURES THEREON BEING GENUINE, AND THE PARTIES THERETO HAVING THE FULL LEGAL CAPACITY TO MAKE SUCH AGREEMENTS AND SUBSCRIBED THEIR SIGNATURE AND EACH AND EVERY MAKER HAS THE LEGAL CAPACITY TO BIND HIMSELF TO THE OBLIGATIONS AND PROMISES THERE IN CONTAINED.
4. IN THE EVENT THE UNDERSIGNED, SEPARATELY, SEVERALLY OR JOINTLY, BREACH THESE UNDERTAKINGS OR PROMISES IN ANY RESPECT, THEN, UPON DEMAND, UPON ANY OR ALL OF THEM, ALL OF THEM SHALL BE REQUIRED, SEPARATELY OR SEVERALLY, TO REPURCHASE THE MORTGAGE AND MORTGAGE INDEBTEDNESS.
5. THE REPURCHASE PRICE SHALL BE CALCULATED SO THAT AMERICAN GENERAL FINANCE, INC., WILL RECEIVE AN AMOUNT EQUAL TO ITS ORIGINAL INVESTMENT IN SAID ACCOUNT ADJUSTED FOR COLLECTIONS MADE WHILE HELD BY AMERICAN GENERAL FINANCE, INC., IN AN AMOUNT EQUAL TO THE RATE WHICH WAS ANTICIPATED BY THE ORIGINAL PURCHASE PRICE HAD THE ACCOUNT BEEN HELD TO MATURITY.
6. AMERICAN GENERAL FINANCE, INC. IS UNDER NO OBLIGATION TO RESALE ANY MORTGAGE OR ANY PART OF ANY MORTGAGE BACK TO THE SELLER AT ANY TIME.
GIVEN UNDER THE RESPECTIVE HANDS AND SEALS OF EACH OF THE UNDERSIGNED THIS 15th DAY OF May, 1991.
WITNESSES:
/s/____________________________ /s/____________________________ Mary L. Reynolds
_______________________________ _______________________________ SELLERS
STATE OF Alabama COUNTY OF Baldwin
PERSONALLY APPEARED BEFORE ME Mary L. Reynolds, WHO BEING TO ME WELL KNOWN AND KNOWN BY ME TO BE THE INDIVIDUALS DESCRIBED IN AND WHO EXECUTED THE ABOVE FOREGOING INSTRUMENT AND THEY ACKNOWLEDGED BEFORE ME THAT THEY SIGNED, SEALED AND DELIVERED THE SAME AT THE TIME AND PLACE, IN THE MANNER AND FOR THE USES AND PURPOSES AS THEREIN SET FORTH AND CONTAINED.
WITNESS MY HAND AND OFFICIAL SEAL ON THIS 15th DAY OF May , 1991.
DEFENDANT'S /s/__________________________________________ EXHIBIT NOTARY PUBLIC IN AND FOR THE STATE AND COUNTY 5 AFORESAID ___________ Reynolds MY COMMISSION EXPIRES: ______________________
Dissent Exhibit B, page 1 of 4 pages *Page 700 
 A PARTIAL ASSIGNMENT OF PROMISSORY NOTE AND MORTGAGE
Witness this agreement entered into on the 15th day of May, 1991 by and between Mary L. Reynolds parties of the first part, and AMERICAN GENERAL FINANCE, INC., a corporation, party of the second part as follows:
WHEREAS, party of the first part, Mary L. Reynolds, a divorced and not remarried woman, is the holder of a promissory note dated the 6th day of December, 1985, executed by Raymond Lewis Sherrin and Leslie Taylor Sherrin, which said promissory note is secured by the mortgage of even date therewith, executed by Raymond Lewis Sherrin and Leslie Taylor Sherrin husband and wife against the following property situated in the County of Baldwin, State of Alabama, and more particularly described as follows:
Lot 202, Subdivision as and called Eastern Shore Parkway #1, according to the plat thereof recorded in Map Book 1, pages 156-157 of the records in the Office of Judge of Probate, Baldwin County, Alabama;
Which said mortgage is recorded in Real Property Book 234, Page 1192, et seq., in the records of the Office of the Judge of the Probate Court of Baldwin County, Alabama, which said note and mortgage originally secured the sum of Forty-one thousand and 00/100 ($41,000.00) ------- DOLLARS, plus interest at the rate of ten (10%) per annum, to be amortized according to a schedule set forth in said mortgage;
And, WHEREAS, the said party of the first part wished to make the party of the second part a Partial Assignment of the said promissory note and the mortgage securing the same;
Now therefore, for and in consideration of TEN AND NO/100 ($10.00) DOLLARS, and other good and valuable consideration, the receipt in sufficiency of which is hereby acknowledged;
And in consideration of the premises, and the mutual promises covenants and conditions hereinafter set forth, the parties hereto do hereby contract, covenant and agree as follows:
1) The said parties of the first part does hereby grant, bargain, sell, convey and assign unto AMERICAN GENERAL FINANCE, INC., a corporation, party of the second part, all of their rights, title, interest, for a period of 92 months from and after date, in and to said note and mortgage hereinabove described, together with the debt secured thereby during the said 92 months; and as part and partial of the consideration of this agreement, the said party of the first part does hereby subordinate all of his interest, for a period of 92 months from and after date, to the interest held and assigned by this instrument to AMERICAN GENERAL FINANCE, INC., a corporation, party of the second, including, but not limited to the following:
a) that AMERICAN GENERAL FINANCE, INC., a corporation, shall have the prerogative, as provided by said mortgage to, upon default, exercise any and all rights of the mortgages thereunder;
b) it is further agreed and understood by and among all parties that AMERICAN GENERAL FINANCE, INC., a corporation, shall prior to the institution of any proceedings, whether judicial or nonjudicial under the said note, notify the party of the first part of the occurrence of the default in payments. Said notice shall be given two (2) weeks prior to the institution of any such proceedings.
c) that upon the issuance of any such notice as hereinabove provided, said parties of the first part Mary L. Reynolds, a divorced and not remarried woman shall have the option of tendering unto AMERICAN GENERAL FINANCE, INC., a corporation, the total remaining balance due on said note and mortgage, In such event, the said party of the second part shall reassign all of its rights, title and interest in the note and mortgage to the party of the first part.
d) it is fully agreed and understood among all the parties that by virtue of the subordination of the right, title and interest of the parties of the first part, namely, Mary L. Reynolds, a divorced and not remarried woman to the period of interest assigned and that should the said party of the second part, AMERICAN GENERAL FINANCE, INC., a corporation, institute foreclosure proceedings on the said mortgage, that the interest of Mary L. Reynolds, a divorced and not remarried woman parties of the first part, in the remaining months of the note and mortgage will be treated as a totally subordinate
Dissent Exhibit B, page 2 of 4 pages *Page 701 
mortgage, and as such, may and will be eradicated by the foreclosure proceedings of the party of the second part. It is additionally agreed and understood among all the parties and AMERICAN GENERAL FINANCE, INC., a corporation, is under no obligation to provide fire and hazard or any other insurance on said premises, and that such insurance will be maintained according to the tenor of the original mortgage by the Grantor, namely, Raymond Lewis Sherrin and Leslie Taylor Sherrin husband wife and upon destruction of said premises, that this instrument will act as an assignment of the proceeds of any insurance or other recovery by the said Mary L. Reynolds, a divorces and unremarried woman to AMERICAN GENERAL FINANCE, a corporation, for the balance of the dollar amount assigned and conveyed to AMERICAN GENERAL FINANCE, INC., a corporation, by this instrument, being calculable by the number of monthly payments as called for in the mortgage and accompanying promissory note for the said 92 month period of this assignment.
2) Party of the first part covenants, represents and warrants as to the mortgage and note sold and assigned hereunder:
a) that said mortgage is a good and valid instrument and constitutes a valid lien against the real property described therein;
b) that party of the first part is vested with a full and absolute title to said mortgage and note and has authority to assign and transfer the same, which is presently free and clear of all encumbrances.
c) There are no defaults existing at the present time under any of the covenants contained in said mortgage and note;
d) there are no defenses against said mortgage and note, and the mortgage and note were not originated in a manner which violated, or now violates any Federal, State or local laws, ordinances, regulations, or rulings included, with limitations, Federal and State truth in lending laws and any other consumer protection laws, all Federal and State equal credit opportunity laws, any applicable State usury laws.
e) There are no undisclosed agreements between any of the mortgagors and the mortgagees concerning any facts or conditions for the past, present or the future which might in any way affect the obligations of the mortgagors to make timely payments thereon.
f) The total present unpaid balance of the mortgage is Thirty-Nine Thousand Four Hundred Forty-Four and 10/100 ($39,444.10) -------- Dollars, and the next monthly mortgage payment on the mortgage loan is the amount of Three Hundred fifty nine and 80/100 ($359.80) ------ Dollars and is due and payable on the 5 day of June, 1991.
g) Owner does not in any ordinary course of business regularly extend or arrange for extension of consumer credit.
3) AMERICAN GENERAL FINANCE, INC., a corporation, party of the second part agrees to service the mortgage and note so long as any installment due to AMERICAN GENERAL FINANCE, INC., a corporation, remains unpaid; and to exert reasonable collection efforts to insure that the mortgagors make timely payments due unto the mortgage note. Party of the first part does hereby designate party of the second part as its agent for collection of monies due to the party of the first part in connection with a full payoff of the mortgage loan and note. Should the mortgagors, or their assignees, make all payments due to party of the second part in a timely manner during the said 92 months of this assignment, at the conclusion of such 92 month period, AMERICAN GENERAL FINANCE, INC., a corporation, shall execute an absolute assignment of such mortgage and note back to the party of the first part and advise the mortgagors under the mortgage, or their assignees, to make the payments under the said mortgage and note due in the future to the party of the first part.
4) Party of the first part agrees to indemnify and save CREDITHRIFT OF AMERICA, a corporation, harmless from and against all loss, damage, and liability, and expense (including reasonable attorney's fees and cost of litigation) sustained or incurred by AMERICAN GENERAL FINANCE, INC., a corporation, arising out of or based upon , the inaccuracy or breach of any warranty or representation made by the party of the first part hereunder to AMERICAN GENERAL FINANCE, INC., a corporation, under this agreement.
Dissent Exhibit B, page 3 of 4 pages *Page 702 
5) Time shall always be the essence of this agreement and this agreement shall inure and be binding upon the respective heirs, representatives, administrators, successors and assigns, of the parties hereto.
WITNESS our hands and seals this 15th day of May, 1991.
 /s/_________________________________ Mary L. Reynolds
____________________________________
Party of the Second Part
By: /s/_____________________________
STATE OF Alabama COUNTY OF Baldwin
Before me, the undersigned, a Notary Public in and for said State and County, personally appeared Mary L. Reynolds whose names are signed to the foregoing instrument and who are known to me, who after by me being first duly sworn on oath did depose and say that being informed of the contents of said conveyance, they executed the same voluntarily on the day the same bears date.
Given under my hand and notorial seal on this the 15th day of May, 1991.
 /s/_____________________________________ Notary Public, State of Alabama At Large
THIS INSTRUMENT PREPARED BY:
 American General Finance, Inc. Post Office Box 1183 Daphne, AL. 36526
Dissent Exhibit B, page 4 of 4 pages *Page 703